DEAN C. PLEMMONS, JR., A MINOR BY HIS GUARDIAN AD LITEM, CAROL L. TEETER v. CITY OF GASTONIA AND GASTON COUNTY BOARD OF EDUCATION AND DEAN C. PLEMMONS, SR., AND MARGARET F. PLEMMONS v. CITY OF GASTONIA AND GASTON COUNTY BOARD OF EDUCATION

No. 8227SC272

(Filed 7 June 1983)

1. **Schools § 11— school property leased to city—immunity of school board from tort liability**

    Where a minor was injured in a fall from school gymnasium bleachers while the gymnasium was leased to a city, defendant school board was immune from liability for damages sustained by the minor and his parents pursuant to the provisions of G.S. 115C-524(b) even if the school board was guilty of active negligence.

2. **Municipal Corporations § 42— minor's tort claim against city—who may give notice**

    Effective notice of a minor's tort claim against a city can be furnished pursuant to former G.S. 1-539.15 by the minor's parent, close relative, lawyer or

other representative. Therefore, the trial court erred in ruling that under the statute only a guardian ad litem could furnish effective notice of a minor's tort claim against a city.

APPEAL by plaintiffs from *Kirby, Judge*. Judgments entered 16 October 1981 in Superior Court, GASTON County. Heard in the Court of Appeals 21 January 1983.

*Harris, Bumgardner & Carpenter, by Seth H. Langson, for plaintiff appellants.*

*Caudle, Underwood & Kinsey, P.A., by John H. Northey, III and Frank C. Newton, Jr., for defendant appellee City of Gastonia.*

*Garland & Alala, P.A., by James B. Garland and Julia M. Manning, for defendant appellee Gaston County Board of Education.*

BECTON, Judge.

Dean Plemmons, Jr., a minor, was injured on 1 April 1978, when he fell eight feet from gymnasium bleachers to the floor. He was mildly retarded at that time. His parents contend that, as a result of the fall, Dean Jr. suffered serious and permanent brain damage. On 6 June 1980, a guardian ad litem was appointed to act on Dean Jr.'s behalf and filed actions against the City of Gastonia (City) and Gaston County Board of Education (Board). Dean Jr.'s parents filed separate suits against the same defendants the same day.

Both defendants filed motions to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1981). The City cites plaintiffs' alleged failure to give it proper notice of both the parents' and minor's claim; the Board relies on its statutory immunity pursuant to N.C. Gen. Stat. § 115C-524 (1981).[1] The motions were granted, judgments were entered thereon, and both plaintiffs appealed to this Court. Since then, however, the plaintiff parents abandoned their appeal as to the City, and the judgment dismiss-

---

1. The parties refer in their briefs to N.C. Gen. Stat. § 115-133 (1978) as the relevant provision. They recognize, however, that G.S. § 115-133 was repealed and reenacted as G.S. § 115C-524. We will cite it throughout this opinion in its present form.

ing that claim is being affirmed. We now consider the parents' contention as it relates to the Board and the minor plaintiff's contentions concerning the Board and the City.

I

Gaston County Board of Education

[1] A motion to dismiss pursuant to Rule 12(b)(6) is properly granted when the complaint affirmatively discloses to a certainty that even if the facts alleged therein were true, the plaintiff would be entitled to no relief. *Yates v. City of Raleigh*, 46 N.C. App. 221, 264 S.E. 2d 798 (1980). The Board asserts that because of the clear provisions of G.S. § 115C-524(b), and the fact that the gymnasium was leased to the City at the time Dean Jr. was injured, plaintiffs have failed to state a claim for which relief can be granted. G.S. § 115C-524(b) provides, in pertinent part:

> Not withstanding the provisions of G.S. 115C-263 and 115C-264,[2] local boards of education shall have authority to adopt rules and regulations by which school buildings, including cafeterias and lunchrooms, may be used for other than school purposes so long as such use is consistent with the proper preservation and care of the public school property. *No liability shall attach to any board of education, individually or collectively, for personal injury suffered by reason of the use of such school property.* [Emphasis added.]

We agree with the Board that the statute renders it immune from liability in this instance. While not unmindful that this interpretation is likely to produce harsh results in many cases, we nevertheless are compelled by two factors to reach this conclusion.

First, the clear, specific mandate of the statute categorically bars liability: "No liability shall attach . . . by reason of the use of such school property." Second, common law rules governing landlord-lessee relationships also bar liability. North Carolina courts have held that absent some active negligence on the part of the landlord—and none was alleged in the case *sub judice*—a third party injured on leased premises has recourse against the lessee, not the lessor. *Wilson v. Dowtin*, 215 N.C. 547, 2 S.E. 2d

---

2. Reenactments of N.C. Gen. Stat. § 115-51 (1978).

576 (1939); *Boyer v. Agapion*, 46 N.C. App. 45, 264 S.E. 2d 364 (1980).

Plaintiff nevertheless contends as a policy matter, that G.S. § 115C-524 should be construed to include an active negligence caveat and that we should limit the statute's operation to circumstances in which liability is sought to be imposed on a Board of Education solely by reason of its status as landlord. The statute ought, in plaintiff's view, to reflect the common law rationale that if a Board of Education commits some affirmative act of negligence, or leases the premises in a ruinous condition, a third party injured on school premises would have recourse against that Board. Although that construction, arguably, would be the more humane, we simply cannot read into a statute a requirement that is not there. G.S. § 115C-524 provides no chink in its armor of immunity, even for the sword of active negligence. To accept plaintiffs' argument would render the statute superfluous. The Legislature clearly intended to do more than codify the common law rule. *See, e.g., City of Raleigh v. Fisher*, 232 N.C. 629, 633, 61 S.E. 2d 897, 901 (1950): "[I]t is well-settled 'that where a statute is repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment is considered a reaffirmance of the old law. . . .'" [Citations omitted.] Further, the General Assembly, by repealing and reenacting the operative portion of the statute, *verbatim*, during the pendency of this case, emphasized its satisfaction with the law as codified, and we are bound by such expressions of its intent. Thus, the Board's motion for dismissal of plaintiffs' claim pursuant to Rule 12(b)(6) was proper.

II

City of Gastonia

[2] Though repealed[3] since then, the plaintiff's action, filed in 1980, was subject to N.C. Gen. Stat. § 1-539.15 (1981), which, in pertinent part, read as follows:

---

3. By Session Laws 1981, c. 777, s. 1, effective July 2, 1981. By s. 2 of the same Session Laws chapter, now identified as N.C. Gen. Stat. § 1-539.16, the General Assembly abrogated the power of cities and other local government units to require notice of claims as a condition precedent to suing them. The Act, by its terms, does not apply to claims pending before July 2, 1981.

(a) In order to preserve a claim against a city arising in contract or in tort, notice must be given and the cause of action commenced in accordance with this section. A person with a claim against a city arising in tort or contract must give written notice of the claim to the council or its designee within six months, and commence his action within two years after the claim is due or the cause of action arises. . . .

No action based on a claim arising in contract or in tort may be commenced except after 30 days following the day on which the notice required by this section is given. Unless notice of the claim is given and the action commenced in accordance with this section, any action based on the claim is barred. . . .

Although Dean Jr. alleged in his complaint that the City and the Board had been "notified of said accident and claim against them as provided by law. . . ," the trial court concluded to the contrary and dismissed the action. In so doing the trial court ruled that the allegation as to prior notice was legally and factually impossible, since effective notice of a child's claim can be given only by the child's duly appointed guardian ad litem and the complaint was filed on the same day that the child's guardian ad litem was appointed. The correctness of this legal ruling is the question presented, the recorded facts upon which it is based being admitted.

Since G.S. § 1-539.15 did not specify how notice for minors was to be accomplished, we must first consider the purposes that prompted the enactment of this special notice law. The rationale for special notice statutes has been variously stated, but perhaps most succinctly by our Supreme Court in *Miller v. City of Charlotte*, 288 N.C. 475, 478-79, 219 S.E. 2d 62, 65 (1975):

(1) To give municipal authorities an early opportunity to investigate such claims while the evidence is fresh, so as to prevent fraud and imposition; (2) to inform defendant of all the facts upon which plaintiff's claim for damages was founded; (3) to enable defendant, after an investigation of the claim within the time fixed by statute to determine whether it should admit liability and undertake to adjust and settle said claim; (4) to prevent additional accidents by allowing the public entity a chance to take precautionary and corrective

measures; and (5) to aid in establishing fiscal planning and budgeting based on potential liabilities. [Citations omitted.]

All of the above stated purposes, which special notice laws are designed to serve, can be accomplished by reasonably accurate, timely information about a claim being conveyed to a city, and not one of them depends for its achievement upon the information being furnished by any particular person or official. That being so, it is inescapable, we think, that it is information about the claim that the statute requires and nothing else.

We hold that effective notice of a child's claim can be furnished a city by that child's parent, close relative, lawyer, or even other representatives, under some circumstances. To interpret the statute otherwise would unnecessarily and burdensomely extend it. For example, requiring the intervention of a guardian ad litem at the informal, preliminary notice stage would not benefit the city and would add to the expense and inconvenience of the child or its parents. Thus, the judgment based upon the erroneous notion that under this statute only a guardian ad litem can furnish effective notice for a child must be reversed.

That the record does not reflect how, when or by whom the notice was allegedly given is of no moment at this juncture, since only the complaint's adequacy as a pleading is being considered. N.C. Gen. Stat. § 1A-1, Rule 9(c) (1969) expressly authorizes and encourages the general averment of conditions precedent. In compliance therewith, plaintiff has alleged that the requisite notice was given. Since the allegation is not necessarily untrue, it is a matter to be proved at trial like other allegations. *Benton v. W. H. Weaver Construction Company*, 28 N.C. App. 91, 220 S.E. 2d 417 (1975).

### III

The judgment and order dismissing the actions of the plaintiffs Dean C. Plemmons, Sr. and Margaret F. Plemmons against both defendants are

Affirmed.

The judgment dismissing the action of the minor plaintiff Dean C. Plemmons, Jr. against the defendant Board of Education is

Affirmed.

The order dismissing the action of the minor plaintiff Dean C. Plemmons, Jr. against the defendant City of Gastonia is

Reversed.

Judges WEBB and PHILLIPS concur.