FRANCES LINDLER, PLAINTIFF v. DUPLIN COUNTY BOARD OF EDUCATION, DEFENDANT

No. 924SC127

(Filed 2 February 1993)

**Schools § 11 (NCI3d)— injury sustained in school building—non-school related function—no liability of school**

In plaintiff's action to recover for injuries sustained when she fell as a result of wet or excessive wax on the floor of a school during the course of a non-school related fundraiser, the trial court properly determined that the plain language of N.C.G.S. § 115C-524(b) explicitly precludes liability from attaching to schools when the school facilities are being used for non-school purposes.

**Am Jur 2d, Schools § 323.**

**Tort liability of public schools and institutions of higher learning for accidents due to condition of buildings or equipment. 34 ALR3d 1166.**

Appeal by plaintiff from order filed 14 November 1991 by Judge Herbert Phillips in Duplin County Superior Court. Heard in the Court of Appeals 7 January 1993.

This is an appeal from an order dismissing plaintiff's claim pursuant to N.C.R. Civ. P. 12(b)(6). The plaintiff's complaint alleges the following: The plaintiff, a teacher in the Duplin County school system for approximately twenty-seven years, requested and received the permission of the principal of Wallace-Rose Hill School to use the school building, including rest room facilities, in the evening for a fundraising auction to be conducted by Alpha Delta Kappa, an honorary teacher's sorority. On 17 November 1987, the day

LINDLER v. DUPLIN COUNTY BD. OF EDUCATION

[108 N.C. App. 757 (1993)]

of the fundraiser, one of the defendant's employees waxed the corridor floor leading to the school's rest rooms, left an excessive amount of wax on the corridor floor and failed to post a sign warning that the floor was wet or recently waxed. During the fundraiser two women asked the plaintiff about using the rest room. The door on the corridor leading to the rest rooms was locked. The plaintiff went to Casey Sharpless' office and asked Mr. Sharpless if he would unlock the door. Mr. Sharpless, director of the James Sprunt Community College's evening class program at Wallace-Rose Hill School, unlocked the door for the plaintiff. As the plaintiff walked toward the light switch located just inside the door she slipped and fell because of the excessive amount of wet wax on the corridor floor. Mr. Sharpless tried to help the plaintiff but slipped on the floor as well. However, Mr. Sharpless was able to avoid falling by grabbing the door.

The plaintiff was taken to Pender Memorial Hospital where it was discovered that as a result of the fall she had fractured one of her lumbar vertebrae and her left wrist. Because of her injuries, the plaintiff was unable to work for nearly two months and required the assistance of a home health nurse for four hours a day through January of 1988.

The plaintiff also alleged that she was required to use all nineteen days of her accrued sick leave as wage compensation for time lost because of the accident; that the defendant failed to inform her that she was eligible for three months of disability leave and that one of defendant's employees "informed [her] that she would have to pay a substitute out of her own salary for every day of work that she missed after her sick leave had expired." Because the plaintiff believed she had no financial alternative, she returned to work on 5 January 1988 before she had fully recovered from her injuries. Her early return caused additional pain and emotional and mental suffering.

Plaintiff appeals from the order dismissing her claims.

*Ferguson, Stein, Watt, Wallas, Adkins & Gresham, P.A., by John Gresham and S. Luke Largess, for the plaintiff-appellant.*

*Richard Schwartz & Associates, by Richard A. Schwartz and Laura E. Crumpler, for the defendant-appellee.*

EAGLES, Judge.

Plaintiff argues that the trial court erred by granting the defendant's Rule 12(b)(6) motion. Specifically, plaintiff argues that the defendant, Duplin County Board of Education (Board), waived its sovereign immunity pursuant to G.S. § 115C-42 by purchasing liability insurance which allegedly covered the plaintiff's injuries. The defendant, on the other hand, argues that G.S. § 115C-524(b) and *Plemmons v. City of Gastonia*, 62 N.C. App. 470, 302 S.E.2d 905, *disc. review denied*, 309 N.C. 322, 307 S.E.2d 165, 166 (1983) prevent liability from attaching to the Board because the school was not being used for a school purpose at the time of the plaintiff's accident. We agree with the defendant.

G.S. § 115C-42 provides, in pertinent part:

Any local board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his authority or within the course of his employment. Such immunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort.

G.S. 115C-524(b) provides in pertinent part:

Notwithstanding the provisions of G.S. 115C-263 and 115C-264, local boards of education shall have the authority to adopt rules and regulations by which school buildings, including cafeterias and lunchrooms, may be used for other than school purposes so long as such use is consistent with the proper preservation and care of the public school property. *No liability shall attach to any board of education, individually or collectively, for personal injury suffered by reason of the use of such school property.*

(Emphasis ours.)

In *Plemmons*, a minor allegedly sustained serious and permanent brain damage as the result of a fall from gymnasium bleachers to the floor. The defendant Board of Education argued that because

of the express language of G.S. § 115C-524(b) and the fact that the gymnasium was leased to the City of Gastonia at the time of the accident, the Board was immune from liability. The plaintiff, on the other hand, argued "as a policy matter, that G.S. § 115C-524 should be construed to include an active negligence caveat and that . . . the statute's operation [should be limited] to circumstances in which liability is sought to be imposed on a Board of Education solely by reason of its status as landlord." *Id.* at 473, 302 S.E. 2d at 907. Our court held that "the clear, specific mandate of the statute categorically bars liability[.]" *Id.* at 472, 302 S.E.2d at 906. The Court observed that although the construction proffered by the plaintiff "would be the more humane, we simply cannot read into a statute a requirement that is not there. G.S. § 115C-524 provides no chink in its armor of immunity, even for the sword of active negligence. To accept plaintiffs' argument would render the statute superfluous." *Id.* at 473, 302 S.E.2d at 907.

The plaintiff argues that *Plemmons* does not control the instant case because (1) the court did not directly address the effect of G.S. § 115C-42 on G.S. § 115C-524(b) and (2) that the language regarding active negligence was mere *obiter dicta*. We disagree and find that we are bound by *Plemmons*. But even assuming, *arguendo*, that the *Plemmons* decision does not control the instant case, we nevertheless believe that the *Plemmons* Court's analysis is equally valid here. The clear intent of the legislature was set out in the plain language of G.S. § 115C-524(b) which explicitly precludes liability from attaching to schools when the school facilities are being used for non-school purposes.

In any event, we also note that other well established principles of statutory construction support our holding. First, "[i]t is always presumed that the legislature acted with care and deliberation and with full knowledge of prior and existing law." *State v. Benton*, 276 N.C. 641, 658, 174 S.E.2d 793, 804 (1970) (citations omitted). The General Assembly originally adopted the statutes now codified as G.S. § 115C-42 (1955 N.C. Sess. Laws c. 1256) and G.S. § 115C-524(b) (1955 N.C. Sess. Laws c. 1372, art. 15, s.9) in 1955. However, it was not until 1963 that our legislature enacted the portion of G.S. § 115C-524(b) which provides: "No liability shall attach to any board of education, individually or collectively, for personal injury suffered by reason of the use of such school property." 1963 N.C. Sess. Laws c. 253. If in 1963 the General Assembly had intended for sovereign immunity to be waived to

**LINDLER v. DUPLIN COUNTY BD. OF EDUCATION**

[108 N.C. App. 757 (1993)]

the extent of liability insurance for personal injury resulting from non-school use of school property, they would not have added to G.S. § 115C-524(b) the unambiguous language quoted above. To have done so would have been unnecessary in light of the well established rule that schools enjoy the right of sovereign immunity absent a statute to the contrary. *Smith v. Hefner*, 235 N.C. 1, 68 S.E.2d 783 (1952) ("a subordinate division of the state, or agency exercising statutory governmental functions like a city administrative school unit, may be sued only when and as authorized by statute"). Obviously, the General Assembly intended to prevent liability from attaching to boards of education under these specific circumstances.

We also note that the *Plemmons* Court's interpretation of G.S. § 115C-524(b), whether *obiter dicta* or not, was published in the *Plemmons* opinion in 1983. However, in the ensuing four biennial sessions since 1983 the General Assembly has not seen fit to change the pertinent language of G.S. § 115C-524(b). This argument is bolstered by the General Assembly's most recent amendment of G.S. § 115C-524(b). While the 1992 amendment did modify that portion of G.S. § 115C-524(b) dealing with non-school use of school property, it retained unchanged the portion of the statute precluding liability to boards of education because of personal injury arising from non-school use. G.S. § 115C-524(b) (1992).

Finally, our court, interpreting G.S. § 115C-42, has said: " 'Waiver of sovereign immunity may not be lightly inferred and State statutes waiving this immunity, being in derogation of the right to sovereign immunity, must be strictly construed.' " *Overcash v. Statesville City Bd. of Educ.*, 83 N.C. App. 21, 25, 348 S.E.2d 524, 527 (1986) (citations omitted). These principles of statutory construction when applied to the case *sub judice* impel our holding that the Board is immune from liability here.

As in *Plemmons*, we are "not unmindful that this interpretation is likely to produce harsh results in many cases[.]" *Id.* at 472, 302 S.E.2d at 906. Even so, the General Assembly's clear intent as evidenced by the plain language of G.S. § 115C-524(b) mandates this result.

Affirmed.

Judges WYNN and ORR concur.