GEORGE I. BROOKS v. THE HENRIETTA MILLS COMPANY.

(Filed 21 December, 1921.)

**1. Nuisance—Licensor and Licensee—Knowledge—Notice.**

In order to create a liability of the owner of land for an injury caused by his licensee thereon, it is necessary that such act amounted to a nuisance, and that the owner had actual or implied notice or knowledge thereof.

**2. Same—Employer and Employee—Master and Servant.**

Where a cotton mill company lays out a baseball park on its own land for the use and benefit of its own employees, the relation of licensor and licensee is created.

**3. Same—Amusement Parks—Evidence—Nonsuit—Trials.**

Where the relation of licensor and licensee is created between the owner of a mill and a baseball club of its employees, and the latter has sole control and charges entrance fees for its exclusive benefit, without pecuniary profit to the owner, the owner is not liable in damages occasioned

by the employees stretching a rope across a roadway on its premises to aid in collecting the entrance charges, which caused the injury in suit to one traveling by automobile on the roadway, without the owner's knowledge, express or imputed; and in the absence of evidence thereof a judgment as of nonsuit is properly granted.

APPEAL by plaintiff from *Shaw, J.,* at the August Term, 1921, of RUTHERFORD.

Civil action for the recovery of damages for personal injury.

The plaintiff alleged that the defendant owned and operated a cotton mill and mercantile business in the town of Caroleen; that it owned a large tract of land on which its plant was situated and on which had been erected a number of tenement houses, occupied by the operatives of the defendant; that a public highway extended from the defendant's store to Ellenboro, and that the road leading from this highway extended through the defendant's property in the direction of Beasontown in the outskirts of Caroleen; that this road was a thoroughfare used, not only by the defendant's operatives, but by the public generally; that in the spring of 1920 the defendant, for the purpose of gain and profit to itself, organized a baseball team at Caroleen, and permitted the game of baseball to be played on its premises from time to time, and that the defendant hired baseball players and charged its employees and others admission fees. The plaintiff further alleged that the defendant, in order to exclude those who had not paid the admission fee, wrongfully caused to be stretched across the road referred to a rope which was attached to posts or poles on the defendant's premises and thereby wrongfully obstructed said thoroughfare and constituted a nuisance; and that in the month of September, 1920, the plaintiff, while traveling in a Ford car driven by another, came in contact with the rope stretched across the road; that the rope caught under plaintiff's chin and across his throat and violently threw him from his seat in the car, and that he was thereby painfully and seriously injured.

The defendant alleged that prior to the injury it had prepared a diamond on its premises, had purchased the usual paraphernalia and fixtures, and had built a grandstand for the amusement and pleasure of its operatives, but had nothing whatever to do with the management of the baseball team, and received no compensation or profit from the games played there from time to time; that the operatives of the mill had organized a ball team for the purpose of playing match games among themselves and others in the community, and that the team charged an admission fee merely for the purpose of purchasing balls, bats, gloves, and other equipment, and that all the proceeds were paid to the ball team; that the defendant had no notice of the alleged obstruction in the road, and had nothing to do with it, and no opportunity to remove it before the alleged injury occurred.

At the close of all the evidence, the defendant moved to dismiss the action as in case of nonsuit. The court granted the motion, and plaintiff excepted and appealed.

*W. C. McRorie and Pless, Winborne & Pless for plaintiff.*
*Quinn, Hamrick & Harris for defendant.*

ADAMS, J. The right of the plaintiff to recover damages is conditioned in part upon the legal relation that existed between him and the defendant at the time of the alleged injury. In substance, the plaintiff's allegations are, (1) that the defendant directed and controlled the ball team that used the premises and stretched the rope across the road; and (2) that the defendant wrongfully licensed or permitted the team to obstruct the road in this way. It is true that a ball team had been organized to play baseball on the defendant's premises; but there is no evidence that the defendant had anything to do with the "operation" or control or management of the game, or that those who played or conducted the game were in any sense the servants or agents of the defendant. In fact, the evidence seems conclusively to show that the defendant prepared the ground, purchased playground fixtures, and erected a grandstand for the amusement and recreation of the operatives, but did not receive any pecuniary compensation, or pretend in any way to direct or supervise the game. The defendant, therefore, can derive no aid from the familiar principle that the owner or lessor of a place of amusement set apart and maintained for his pecuniary benefit is charged with the duty of exercising due care to see that the premises are reasonably safe for the purposes intended. 38 Cyc., 268 *et seq.;* 26 R. C. L., 713 *et seq.*

The plaintiff contends, however, that the obstruction of the road constituted a nuisance on the defendant's premises, and that the defendant, having notice thereof, declined to abate the nuisance, and is therefore liable to the plaintiff in damages. That the unlawful obstruction of a highway is a public nuisance is generally conceded. 29 Cyc., 1177; 20 R. C. L., 399; *Dunn v. Gunn,* 149 Ala., 583; *S. v. Edens,* 85 N. C., 527. But the plaintiff has not shown either that the defendant obstructed the road or had knowledge of the obstruction. The plaintiff relied chiefly upon the testimony of the witness Robbins; but this testimony utterly fails to connect the defendant with the management or control of the game, or to prove that the defendant had actual or implied knowledge of the obstruction in the road. It is manifest that between the defendant and the ball team there existed the relation of licensor and licensee, without any pecuniary compensation to the defendant, and that the team, without notice to or knowledge of the defendant, caused the rope to be extended above and across the road. In these circumstances the

46—182

plaintiff has no cause of action against the defendant. As a general rule, the owner of land is not liable for injury caused by the acts of a licensee unless such acts constitute a nuisance ·which the owner knowingly suffers to remain. 38 Cyc., 483. The doctrine is pertinently stated in *Rockport v. Granite Co.,* 51 L. R. A., 779 : "In case of work done by a licensee, the work is done on the licensee's own account, as his own business, and the profit of it is his. It is not a case, therefore, where the thing which caused the accident is a thing contracted for by the owner of the land, and for which he may be liable for that reason." Upon a review of the record we think the judgment of nonsuit should be

Affirmed.