WACHOVIA BANK & TRUST CO., N.A., v. P. H. GROSE, JR., INDIVIDUALLY, AND D/B/A GROSE'S CORNER

No. 8229SC1141

(Filed 4 October 1983)

**Rules of Civil Procedure § 56.4— failure to offer evidence or affidavits in opposition to summary judgment motion**

The trial court properly granted summary judgment for plaintiff in an action wherein plaintiff bank sought to recover from defendant car dealer money allegedly due pursuant to security agreements executed by the parties and a ready reserve account maintained by defendant where at the hearing on plaintiff's motion, plaintiff offered into evidence the affidavit of the vice president of its bank in charge of financial arrangements and transactions with automobile dealers, admissions contained in the pleadings, defendant's answers to interrogatories, defendant's admission to the genuineness of certain documents, defendant's response to requests for admissions as to the truth of certain facts, and numerous exhibits including sight drafts, security agree-

ments and memorandums of advance and financing statements, and where defendant offered no evidence or any affidavits in opposition to plaintiff's motion as authorized by G.S. 1A-1, Rule 56 and where defendant's counterclaims were not based on personal knowledge but were alleged upon advice, information and belief.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 13 July 1982 in Superior Court, HENDERSON County. Heard in the Court of Appeals 22 September 1983.

This is a civil action wherein plaintiff bank seeks to recover from defendant car dealer money allegedly due pursuant to security agreements executed by the parties and a ready reserve account maintained by defendant. Defendant answered and asserted as counterclaims that he was entitled to $25,000 for his interest in certain notes and security agreements in the possession of plaintiff and seeking damages caused by a fraudulent misrepresentation allegedly made by plaintiff. Plaintiff filed a motion for summary judgment on all claims which motion was granted. From the entry of summary judgment for plaintiff, defendant appealed.

*Russell and Greene, by William E. Greene, for plaintiff appellee.*

*Atkins and Craven, by Lee Atkins and Susan S. Craven, for defendant appellant.*

HILL, Judge.

For the purpose of obtaining cash to purchase automobiles to be resold by defendant in the operation of his business, defendant, on 23 May 1974, executed and delivered to plaintiff a Wholesale Security Agreement which plaintiff accepted. Pursuant to said agreement, plaintiff agreed to advance cash to defendant upon request which defendant agreed to repay with interest plus costs and expenses incurred in connection with the cash advances including attorney's fees. In its complaint, plaintiff set forth three claims, all relating to money owed by defendant to plaintiff. First, plaintiff alleged defendant breached the Wholesale Security Agreement and that $49,569.62 was due thereunder plus interest, costs and expenses, including attorney's fees of $42,939.09.

Secondly, plaintiff claimed that during June, 1980, defendant falsely represented to plaintiff that he had purchased 39 automo-

biles and that he could convey to plaintiff a first security interest in such automobiles upon plaintiff's acceptance and payment of sight drafts prepared by defendant as evidenced by security agreements and memorandums of advance also prepared by defendant. Plaintiff allegedly believed and relied on defendant's false representations and as a result, was damaged in the amount of $359,373.11 which it seeks to collect with interest. On 25 June 1980, defendant allegedly signed and delivered to plaintiff a handwritten note in which he acknowledged his unsecured indebtedness to plaintiff in the amount of $335,000 in connection with the aforementioned false representations. Two days later, defendant again acknowledged this debt and gave plaintiff a promissory note for $335,000. In its third claim, plaintiff alleged defendant maintained a ready reserve account with Wachovia pursuant to which defendant owes plaintiff $870.89 which he has refused to pay.

In his answer, defendant denied plaintiff's allegations and asserted two counterclaims. In his first counterclaim, defendant seeks to recover $25,000 for his interest in notes and security agreements in the possession of plaintiff covering vehicles sold by defendant and financed by plaintiff. Secondly, defendant claimed he is entitled to $500,000 in damages caused by the false representation allegedly made by plaintiff that it would lend defendant $15,000 for working capital if defendant would execute the promissory note dated approximately 26 June 1980 in the sum of $335,000.

In its reply to the counterclaims, plaintiff denied defendant is entitled to receive any monies under the notes and agreements in its possession as long as defendant is indebted to plaintiff, and denied that any representation was made to induce the defendant to sign the promissory note for $335,000.

Defendant assigns as error the court's granting of summary judgment for plaintiff. He argues there are genuine issues of material fact with respect to plaintiff's claims and his counterclaims and that plaintiff is not entitled to judgment as a matter of law. At the hearing on plaintiff's motion, plaintiff offered into evidence the affidavit of C. W. Payne, admissions contained in the pleadings, defendant's answers to interrogatories, defendant's admission of the genuineness of certain documents,

defendant's response to request for admissions as to the truth of certain facts, and numerous exhibits including sight drafts, security agreements, memorandums of advance and financing statements. Defendant was present at and participated in such hearing and responded to inquiries by the trial judge but offered no evidence or any affidavits in opposition to plaintiff's motion as authorized by G.S. 1A-1, Rule 56.

G.S. 1A-1, Rule 56(c) permits the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." It is clear and well established that the party opposing summary judgment is not entitled to have the motion denied on the mere hope that at trial he will be able to discredit the movant's evidence; he must, at the hearing upon motion for summary judgment, be able to evince the existence of a triable issue of material fact. *Kidd v. Early*, 289 N.C. 343, 368, 222 S.E. 2d 392, 409 (1976). When the party moving for summary judgment presents an adequately supported motion, the opposing party must come forward with facts, not mere allegations, which controvert the facts set forth in the moving party's case, or otherwise suffer a summary judgment. *Conner Co. v. Spanish Inns*, 294 N.C. 661, 675, 242 S.E. 2d 785, 793 (1978); *Moore v. Fieldcrest Mills*, 36 N.C. App. 350, 353, 244 S.E. 2d 208, 210 (1978), *aff'd*, 296 N.C. 467, 251 S.E. 2d 419 (1979).

In our opinion, plaintiff's forecast of evidence was sufficient to entitle plaintiff to summary judgment. Defendant, by failing to come forth with affidavits or other evidence beyond the mere allegations of the pleadings did not meet his burden of coming forth with facts sufficient to present a genuine issue of material fact. Therefore, we hold the court did not err in allowing plaintiff's motion for summary judgment with respect to plaintiff's claims or defendant's counterclaims.

With respect to plaintiff's first claim, we note defendant admitted in his answer that he entered into the Wholesale Security Agreement with plaintiff, that he obtained cash from plaintiff pursuant to the agreement, and that any financing by plaintiff pursuant to the agreement of automobiles purchased, sold or delivered by him was subject to the terms and provisions con-

tained in the agreement. Thus, the only remaining question is the amount owed by defendant, if any, to plaintiff pursuant to such transactions. Defendant did not plead in his answer the affirmative defense of payment and at no time has defendant ever contended in any of the documents filed by him in this action that he is not indebted to plaintiff.

In his affidavit, C. W. Payne, who is vice president of Wachovia in charge of financial arrangements and transactions with automobile dealers including defendant, confirmed in full the allegations of the complaint and plaintiff's denials in its reply. He affirmatively states that defendant failed to pay plaintiff in accordance with the terms and conditions of the agreement although requested to do so, and that the sums set forth in the affidavit were then owed by defendant.

Grose filed no affidavit either denying he owed such sum to plaintiff or contradicting Payne's affidavit. This is so even though defendant was allowed to inspect and copy documents in plaintiff's possession relating to this claim. Had such documents indicated a different sum was owed by defendant, such documents could have been offered in evidence at the hearing, but they were not.

The affidavit of C. W. Payne similarly supports plaintiff's second claim in that Payne stated as follows in relevant part:

> Grose admitted to Deponent on several occasions that he received from Wachovia total amount of cash shown on said documents and exhibits W-1 through W-36, inclusive, that he never owned or purchased 39 of the automobiles described in such documents and exhibits, that he made up and fabricated identification numbers, year models and types of such 39 motor vehicles, that he had no records with respect to such 39 vehicles, that such 39 vehicles were never entered in either the New Vehicle Journal or Used Car Journal of his automobile business, that no inventory index card was ever made with respect to such 39 motor vehicles and none of such 39 motor vehicles were ever included in any monthly written inventory of motor vehicles which inventories were prepared for physical damage insurance coverage;

> . . . .

On 25 June 1980 Grose acknowledged to Deponent Grose's debt to Wachovia of at least $335,000.00 by virtue of his aforesaid actions with respect to such 39 vehicles and Grose wrote out and handed to Deponent document, copy of which is marked Exhibit B. . . .

On 27 June 1980 Grose signed and delivered to Wachovia $335,000 written Promissory Note . . . .

At the hearing, plaintiff offered into evidence numerous sight drafts, security agreements and memorandums of advance relating to plaintiff's second claim, the genuineness of which was not denied by defendant. Each such document is directed to plaintiff, contains defendant's name and what he admits appears to be his personal signature, and contains the representation that the vehicles described therein were purchased by him and that he grants and conveys to plaintiff a security interest in such vehicles. Again, defendant failed to produce any affidavits or other evidence to support his pleadings or to deny or contradict the affidavit of Mr. Payne.

With regard to plaintiff's third claim, which is for the recovery of the balance due on defendant's ready reserve account, the court considered the allegations of the complaint, defendant's general denial of same, and the affidavit of Payne wherein he confirmed that defendant owes such amount and has refused to pay same. Defendant offered no evidence to support his denial of such claim.

Similarly, defendant offered no evidence to support the allegations of his counterclaims. The counterclaims are not based on personal knowledge but are alleged upon advice, information and belief. Therefore, they do not meet the requirements for affidavits specified in G.S. 1A-1, Rule 56(e). Given the evidence produced by plaintiff at the hearing, it was necessary for defendant to do more than merely rely on his allegations if he wished to avoid summary judgment. Since defendant did not produce any evidence to support his defenses or his counterclaims, we hold summary judgment for plaintiff was appropriate. The judgment of the trial court is

Affirmed.

Judges HEDRICK and WELLS concur.