ROSEWITHA A. SINK, Executrix for the Estate of HENRY COOLIDGE SINK, Deceased v. BILLY RAY ANDREWS and GRACE ALTMAN ANDREWS and W. B. MEDLIN and G. F. DEAL and J. K. GARDNER and HANNIS THOMPSON and CITY OF HIGH POINT

No. 8518SC1245

(Filed 1 July 1986)

1. Limitation of Actions § 4.1— defective electrical wiring—installation more than six years before action commenced—wrongful death action barred

Summary judgment was properly entered for defendants on plaintiff's wrongful death claim where she alleged that defendants negligently installed or permitted to be installed electrical wiring in the residence which plaintiff purchased from them, the wiring was defective and unsafe, and the fire in which plaintiff's husband died was caused by the defective condition of the wiring, since defendants showed that any electrical work performed or permitted by them was completed more than six years before the action was commenced; plaintiff forecast no evidence to show that any part of the allegedly defective electrical work was performed within six years before the suit was filed; and the action was therefore barred by N.C.G.S. § 1-50(5)a.

2. Vendor and Purchaser § 6— seller's responsibility for defective electrical work —failure to disclose facts—summary judgment for seller proper

In a wrongful death action where plaintiff claimed that defendants sold her a house knowing that the electrical wiring was defective and unsafe and that they negligently failed to disclose the condition of the wiring to her, the trial court properly entered summary judgment for defendants, since defendants produced evidence that all of their wiring had been done by a licensed electrician and had passed inspection by city inspectors; defendants and others who had resided in the house up until the time it was sold to plaintiff stated that they had noticed no indication of electrical problems; had defendants known or had reason to know that the condition of the wiring was hazardous, it is unlikely that they would have exposed themselves to a risk of injury or death; defendants thus showed that they had no knowledge or reason to know of the existence of the allegedly defective and dangerous wiring; the burden then shifted to plaintiff to counter defendants' forecast of evidence; and her evidence fell short of that required to present a genuine issue of fact as to defendant's knowledge or reason to know of the alleged hazardous condition.

APPEAL by plaintiff from *Davis, James C., Judge.* Judgments entered 25 February 1985 and 24 July 1985 in GUILFORD County Superior Court. Heard in the Court of Appeals 14 April 1986.

Plaintiff brought this civil action on 23 January 1984 seeking recovery for the alleged wrongful death of her husband, Henry Coolidge Sink, who died in a fire at plaintiff's residence on 25 January 1982. Plaintiff alleged that the fire had resulted from

defective electrical wiring in the house, which she had purchased from defendants Andrews shortly before her marriage. By her First Claim, plaintiff alleges that the Andrews were negligent in installing, or permitting the installation of, defective and dangerous wiring in the house; by her Second Claim, she alleges that they negligently failed to disclose to her the existence of the unsafe wiring when they sold the house to her. Additional claims for negligence were asserted against the City of High Point and individual members of the City's fire department. Settlements have been reached as to those claims and plaintiff has submitted to voluntary dismissals, with prejudice, as to all defendants except the Andrews.

Defendants Andrews moved for summary judgment as to both of the claims against them. By order dated 25 February 1985, the trial court granted partial summary judgment to defendants, dismissing plaintiff's First Claim. On 24 July 1985, an order was entered granting defendants' motion as to plaintiff's Second Claim. Plaintiff appeals from each order.

*Edwards and Stamey, by Billy G. Edwards, for plaintiff-appellant.*

*Petree, Stockton & Robinson, by James H. Kelly, Jr., for defendants-appellees Billy Ray Andrews and Grace Altman Andrews.*

MARTIN, Judge.

Plaintiff assigns error to the entry of each of the orders granting defendants' motions for summary judgment and dismissing her claims against them. She contends that genuine issues of fact exist with respect to each claim and that defendants are not entitled to judgment as a matter of law. We affirm both orders.

Summary judgment, pursuant to G.S. 1A-1, Rule 56, is appropriate where no genuine issues exist as to any material fact and the moving party is entitled to judgment as a matter of law. The rule permits penetration of an unfounded claim or defense in advance of trial and summary disposition of the case when a fatal weakness in a claim or defense is made apparent. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). The moving party has the burden of showing the lack of any triable issue of fact and his entitlement to judgment as a matter of law. *Id.*

The device used is one whereby a party may in effect force his opponent to produce a forecast of evidence which he has available for presentation at trial to support his claim or defense. A party forces his opponent to give this forecast by moving for summary judgment. Moving involves giving a forecast of his own which is sufficient, if considered alone, to compel a verdict or finding in his favor on the claim or defense. In order to compel the opponent's forecast, the movant's forecast, considered alone, must be such as to establish his right to judgment as a matter of law.

*Id.* at 378-79, 218 S.E. 2d at 381-82, *quoting* 2 McIntosh, North Carolina Practice and Procedure § 1660.5 at 72 (Phillips Supp. 1970).

Both of plaintiff's claims are grounded upon allegations of negligence. As a general rule, summary judgment is not appropriate where issues of negligence are involved. *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980). However, if the evidentiary forecasts establish either a lack of any conduct on the part of the movant which could constitute negligence, or the existence, as a matter of law, of a complete defense to the claim, summary judgment may be properly allowed. *Id.*

[1] By her First Claim, plaintiff alleges that defendants Andrews negligently installed, or permitted to be installed, electrical wiring in the residence which was defective and unsafe and that the fire in which Henry Sink died was caused by the defective condition of the wiring. Evidence submitted by defendants in support of their motion for summary judgment disclosed that Jim Walters Homes constructed the house in question for them in 1967. Although the exterior was completed by Jim Walters Homes, the Andrews were required to finish the interior. They employed Carolina Electric Service of Greensboro to install the electrical wiring, employed a plumber, and Mr. Andrews installed the sheetrock and panelling. In 1974, the Andrews added an addition to the house, including a utility room. The wiring for the addition was also installed by Carolina Electric Service and was completed in December 1974, after which Mr. Andrews installed panelling. By answers to interrogatories, their affidavits and the affidavits of others who had resided in the house from 1974 until it was sold to plaintiff in 1981, defendants asserted that no other electrical work had been performed by them or at their request since 1974.

In opposition to the motion, plaintiff offered the affidavit of Phil Barham, a principal in Carolina Electric Service of Greensboro, to the effect that all of the work which his company performed at the house met applicable code requirements. Fred Rapp, an electrical engineer and fire investigator, stated in his affidavit that he had inspected the wiring in various parts of the house after the fire and that much of the wiring was defective and did not meet the requirements of the North Carolina Building Code. Hannis Thompson, Chief of the High Point Fire Department, testified at his deposition that the fire originated in the utility room and was electrical in origin. In her own affidavit, plaintiff asserted that no electrical work had been performed at the house between the date she purchased it and the date of the fire.

Defendants contend, and we agree, that upon this evidence, the trial court correctly concluded that plaintiff's First Claim is barred, as a matter of law, by the provisions of G.S. 1-50(5)a. The statute provides:

§ 1-50

(5)a. No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

The statute is substantive in nature and imposes, as a condition precedent to a cause of action, that plaintiff establish that the action is brought within six years of the completion of the improvement or last negligent act of the defendant, whichever occurs later, even though the injury or damage may not have occurred before the expiration of the time limitation. *See Bolick v. American Barmag Corp.*, 306 N.C. 364, 293 S.E. 2d 415 (1982).

Defendants, by their forecast of evidence, have shown that any electrical work performed or permitted by them was completed more than six years before this action was commenced. Such a showing, considered alone, establishes their right to a judgment in their favor as to plaintiff's First Claim and shifts the burden to plaintiff to forecast evidence sufficient to show that a triable is-

sue of fact exists as to applicability of G.S. 1-50(5)a. *See Caldwell v. Deese, supra.* Plaintiff has failed to meet this burden. While the evidence may be conflicting as to whether the wiring, as installed in the residence, was defective or whether it met applicable code requirements, plaintiff has forecast no evidence which would be available to her at the trial of this action to show that any part of the allegedly defective electrical work was performed within six years before the suit was filed.

It is clear and well established that the party opposing summary judgment is not entitled to have the motion denied on the mere hope that at trial he will be able to discredit the movant's evidence; he must, at the hearing upon motion for summary judgment, be able to evince the existence of a triable issue of material fact.

*Wachovia Bank & Trust Co., N.A. v. Grose,* 64 N.C. App. 289, 292, 307 S.E. 2d 216, 217 (1983), *disc. rev. denied,* 311 N.C. 309, 317 S.E. 2d 908 (1984).

[2]   In her Second Claim, plaintiff alleges that when the Andrews sold the house to her in February 1981, they knew or should have known that the wiring was defective and unsafe, of the risks occasioned thereby, that plaintiff would neither discover the faulty wiring nor realize the danger, and that they negligently failed to disclose the condition of the wiring to her. She does not contend that defendants wrongfully concealed information from her or that they misrepresented any fact.

As a general rule, in the absence of an express or implied warranty, *Hartley v. Ballou,* 286 N.C. 51, 209 S.E. 2d 776 (1974) or a fraudulent concealment or misrepresentation, *Griffin v. Wheeler-Leonard & Co., Inc.,* 290 N.C. 185, 225 S.E. 2d 557 (1976), a vendor of real property is not liable for damage or harm to a purchaser or others from defects existing at the time of the sale. Prosser and Keeton, The Law of Torts § 64 (5th ed. 1984). However, a developing exception to this rule provides that where the seller knows or has reason to know of a hidden defect which poses an unreasonable risk of harm to persons on the premises and of which the purchaser has no knowledge and is not reasonably likely to discover, the seller has a duty to warn the purchaser of the existence of such defect and, upon his failure to do so, will be held liable for any harm which results therefrom to the

purchaser or others upon the premises. *Id. See also* Restatement
(Second) of Torts §§ 352 & 353 (1965). Plaintiff cites us no North
Carolina cases which have adopted this exception to the general
rule, nor has our research disclosed any cases in this State which
have extended liability, based on negligence principles, for hidden
defects beyond that imposed upon a builder-vendor. *See Oates v.
JAG, Inc.*, 314 N.C. 276, 333 S.E. 2d 222 (1985). Nevertheless, we
view the exception as reasonable and, given an appropriate fac-
tual setting, would be inclined to embrace it in this State. The
evidence before us on defendants' summary judgment motion
does not, however, permit us to do so in this case.

In order for plaintiff to obtain the benefit of the exception,
she must prove at trial not only that the condition of the wiring
constituted a hidden defect, which posed an unreasonable risk of
harm and resulted in actual harm to decedent, but also that the
defendants knew or had reason to know of the existence of the
defective condition. In support of their motion, defendants pro-
duced evidence that all of their wiring had been done by a li-
censed electrician and had passed inspection by city inspectors. In
addition, defendants and others who had resided in the house up
until the time it was sold to plaintiff stated that they had noticed
no indications of electrical problems, such as flickering lights,
blown fuses or circuit breaker problems. Moreover, all of these
witnesses had continued to live in the house for a number of
years after the electrical work was completed. Had they known or
had reason to know that the condition of the wiring was hazard-
ous, it is unlikely that they would have exposed themselves to a
risk of injury or death. By their forecast of evidence, defendants
showed that they had no knowledge or reason to know of the ex-
istence of the allegedly defective and dangerous wiring. The
burden then shifted to plaintiff to counter the defendants' fore-
cast of evidence by producing some evidence of her own. The only
evidence which she produced was the affidavit of Mr. Rapp, to the
effect that the wiring in much of the house did not meet code re-
quirements, and the acknowledgment of defendant Bill Andrews
that he had observed the wiring when he installed the panelling
in the house and addition. However, he also testified that he knew
nothing about electrical wiring and that he assumed the wiring to
have been installed properly because it had been done by a li-
censed electrician and had been inspected. Her evidence falls

short of that required to present a genuine issue of fact as to defendants' knowledge or reason to know of the alleged hazardous condition. In the absence of such, defendants had no duty to warn and their failure to do so cannot be said to be negligence.

The orders granting defendants' motion for summary judgment are

Affirmed.

Chief Judge HEDRICK and Judge WELLS concur.