SEXTON v. CRESCENT LAND & TIMBER CORP.

[108 N.C. App. 568 (1993)]

---

JAMES RONALD SEXTON, as Ancillary Administrator for the Estate of MICHELE ANN SEXTON, Plaintiff v. CRESCENT LAND & TIMBER CORP. (now named CRESCENT RESOURCES, INC.), Defendant

No. 9126SC1304

(Filed 5 January 1993)

**Negligence § 47 (NCI3d) — premises liability — actions of third party on premises causing injury to another — duty of landowner to inspect premises**

The trial court did not err in its instructions on the law of negligence as it applies to landowners where plaintiff's intestate died of a gunshot wound at Carowinds Amusement Park; police determined that the shot was fired from a clearing on property owned by defendant and which was used for target practice by a number of individuals including, employees of defendant's parent company; the clearing was located 250 to 300 yards north of Carowinds Boulevard, which ran along the south side of defendant's property; a person driving along

## SEXTON v. CRESCENT LAND & TIMBER CORP.

### [108 N.C. App. 568 (1993)]

Carowinds Boulevard could not see the clearing or the plywood target because of dense foliage surrounding the area; and neither defendant nor its employees were aware of target practice on the property. There is no law in negligence imposing a duty on a landowner to inspect its land merely because it had a procedure for inspection in the past, and the court correctly instructed that the law of North Carolina requires plaintiff to show that the landowner had actual knowledge of the conditions created by third persons or reason to anticipate that third persons would engage in such conduct, that the landowner has no duty to periodically inspect his premises to ascertain whether third persons might have created dangerous artificial conditions on the land, and that the landowner must have had a reasonable opportunity to prevent or control such conduct of third persons.

**Am Jur 2d, Premises Liability § 508.**

**Breach of assumed duty to inspect property as ground of liability for damage or injury to third person. 6 ALR2d 284.**

Appeal by plaintiff from judgment entered 24 July 1991 in Mecklenburg County Superior Court by Judge Shirley L. Fulton. Heard in the Court of Appeals 8 December 1992.

Plaintiff instituted this wrongful death action against defendant seeking compensatory damages in excess of $10,000.00. The facts and circumstances leading up to the death of plaintiff's intestate are as follows:

Plaintiff's intestate, Michele Ann Sexton, died of a gunshot wound on 7 June 1987 while in the Wave Pool at Carowinds Amusement Park. Shortly after the shooting, police determined that the shot was fired from property owned by defendant Crescent Land & Timber Corp. (hereinafter Crescent), located approximately .6 miles west of the Wave Pool. The police found a sheet of plywood filled with bullet holes propped up in front of several old tires and spent shells located in a grassy clearing on defendant Crescent's property. This particular area of the property had been used for target practice by a number of individuals including employees of defendant's parent company, Duke Power. Investigation revealed that the shot which killed plaintiff's intestate was fired during target practice and originated from the area where the plywood, tires, and shells were found.

Specifically, the target practice occurred in a grassy clearing which was part of a larger undeveloped, heavily-wooded tract owned by defendants. The entire area abutted Carowinds Boulevard, a road running along the south side of defendant's property. A person driving along Carowinds Boulevard could not see the clearing or the plywood target because of the dense foliage surrounding the area. Furthermore, the grassy area was located 250 to 300 yards north of Carowinds Boulevard. Neither defendant nor its employees were aware of target practice on the property, and the city police never received or responded to any complaints about gunshots in the Carowinds area.

Plaintiff filed a complaint against defendant alleging that defendant was negligent in failing to inspect its property and in failing to take reasonable measures to prevent third persons from engaging in dangerous activities on its property. A trial by jury ensued.

At the close of trial, the following issue was presented to and answered by the jury: "Was the death of Michele Anne Sexton a result of the negligence of the defendant?" The jury answered in the negative, returning a verdict in favor of defendant. From judgment entered on the jury's verdict, plaintiff appeals.

*Weinstein & Sturges, P.A., by Fenton T. Erwin, Jr. and Michel C. Daisley, for plaintiff-appellant.*

*Caudle & Spears, P.A., by Lloyd C. Caudle, L. Cameron Caudle, Jr. and W. Edward Poe, Jr., for defendant-appellee.*

WELLS, Judge.

Plaintiff presents five assignments of error for our review; however, we find only one assignment which merits our attention. Plaintiff argues that the trial court committed reversible error by improperly instructing the jury on the law of negligence as it applies to landowners. We find no error.

Plaintiff's basic contention is that because defendant Crescent had established a procedure for inspection of its property, it had an affirmative duty to inspect for dangerous activities conducted on its property in order to protect persons off the premises. Plaintiff asserts that the jury instructions should have included this specialized duty. We know of no law in negligence imposing a duty on a landowner to inspect its land merely because it had

a procedure for inspection in the past. Plaintiff's contention is unsupported.

The law in North Carolina in the area of landowner liability is well established:

> With reference to negligence of a landowner in controlling the activities of third persons on the land, where there is injury to persons outside the premises and where there is no vicarious liability, it is said in Harper and James—The Law of Torts—Vol. 2, s. 27.19, p. 1526: "It is not enough here, of course, to show that the third person's conduct foreseeably and unreasonably jeopardized plaintiff. Plaintiff must also show that the occupier (a) had knowledge or reason to anticipate that the third person would engage in such conduct upon the occupier's land, and (b) thereafter had a reasonable opportunity to prevent or control such conduct."

*Benton v. Montague*, 253 N.C. 695, 117 S.E.2d 771 (1961). The record of evidence reveals that plaintiff's intestate was injured off the premises by persons conducting dangerous activities on defendant's property. Thus, the law of landowner liability enunciated in *Montague* applies to these facts.

The trial court in this case gave the following charge to the jury:

> Now members of the jury, the law of negligence as it applies to landowners in the State of North Carolina requires that the plaintiff show, one, that the landowner had actual knowledge of the conditions created by third persons or reason to anticipate that the third persons would engage in such conduct upon the landowner's land.
>
> . . . .
>
> Under the law of North Carolina, the landowner has no duty to periodically inspect his premises in order to ascertain whether third persons might have created dangerous artificial conditions on its land.
>
> The second thing that the plaintiff must show is that the defendant Crescent had a reasonable opportunity to prevent or to control such conduct of third persons.

SEXTON v. CRESCENT LAND & TIMBER CORP.

[108 N.C. App. 568 (1993)]

This instruction substantially conforms to the *Montague* rule of landowner liability and is supported by the evidence presented. *State v. Monk*, 291 N.C. 37, 229 S.E.2d 163 (1976). Therefore, we find no prejudicial error in the trial court's instruction.

In her brief, plaintiff has attempted to bring forward additional assignments of error: (1) as to the trial court's instructing the jury on insulating negligence; (2) as to the trial court's granting defendant's motion for a directed verdict on plaintiff's claim for punitive damages; (3) as to certain portions of defendant's closing argument to the jury; and (4) as to the trial court's denying plaintiff's Rule 59 motion for a new trial. Inasmuch as plaintiff failed to adequately support these arguments, we are unable to review them on their merits, and we therefore do not address them.

No error.

Judges EAGLES and LEWIS concur.