ALLSTATE INSURANCE COMPANY, Subrogee of WILLIAM A. COOPER v. CHARLES
F. OXENDINE and JAMIE LOCKLEAR

No. COA01-167

(Filed 19 March 2002)

### Negligence— land damaged by fire—licensee—nuisance—summary judgment

The trial court did not err in a negligence case by granting summary judgment in favor of defendant for a subrogation claim for damages arising out of an incident where fire from trash burning activities of a third person on defendant's land damaged a neighbor insured's home, because: (1) a landowner is not liable for injury caused by the acts of a licensee, unless such acts constitute a nuisance which the owner knowingly suffers to remain; and (2) although it is permissible to infer in the instant case that the conduct of a third party was a proximate cause of plaintiff's injury, there is no evidence of burning activities by the third party of such duration or in such a manner as to amount to a nuisance, or that defendant with knowledge of such conduct permitted it to continue.

Appeal by plaintiffs from judgment entered 30 September 1999 by Judge Jack Thompson in Scotland County Superior Court. Heard in the Court of Appeals 5 December 2001.

*Evans & Co., by Robert G. McIver, attorney for plaintiffs-appellants.*

*Anderson, Johnson, Lawrence, Butler & Bock, L.L.P, by John H. Anderson, attorney for defendant-appellee.*

THOMAS, Judge.

Plaintiff, Allstate Insurance Company, appeals the trial court's grant of summary judgment in a subrogation claim for damages against defendant Charles F. Oxendine (Oxendine). A home of plain-

ALLSTATE INS. CO. v. OXENDINE

[149 N.C. App. 466 (2002)]

tiff's insured, William A. Cooper (Cooper), burned when a fire originating on Oxendine's land got out of control. Based on the reasoning herein, we affirm.

The facts are as follows: Oxendine owns land adjacent to Cooper's. He and his wife live there in one residence while defendant Jamie F. Locklear (Locklear) and Oxendine's daughter live together in a separate residence on the property. Oxendine's daughter financed the home and the couple pays no land rent.

In January, 1995, Oxendine utilized three fifty-five gallon drums for burning trash between his trips to a landfill. In a deposition, Oxendine stated that he never left the area around the drums when a fire was still burning and kept a water hose within reach. He further said Locklear and his daughter were given the privilege of using the drums "any time they wanted to." Locklear and Oxendine's daughter had resided there for several years prior to 1995, and by the time of the lawsuit in 1998, were married with children.

On the morning of 21 January 1995, Locklear burned a bag full of trash in one of the drums while Oxendine was asleep. In a deposition, Locklear said that he stayed with the fire until it was "just smoking a little bit," and then did yard work and washed two cars. He returned to his residence only after being outside for several hours. During the afternoon, however, while Oxendine was at work, the fire escaped the drum, spread to the ground, and raced toward Cooper's property. It eventually engulfed part of his home.

Plaintiff paid Cooper $47,304.72 under his homeowner's policy for the damage and then proceeded against Oxendine and Locklear. In the complaint, plaintiff alleged joint negligence and charged defendants with failing to keep a proper lookout, failing to take adequate precautions to protect against the spread of fire, and failing to ensure that the fire was extinguished after their trash burning activities concluded.

Oxendine moved for summary judgment as to the claim against him, which was allowed. Plaintiff appealed to this Court in *Allstate Ins. Co. v. Oxendine*, 134 N.C. App. 376, 526 S.E.2d 217 (1999), but the appeal was ruled interlocutory and dismissed. Plaintiff then successfully moved for summary judgment against Locklear. In its order, the trial court found that Locklear was negligent in failing to keep a proper lookout and awarded plaintiff $47,554.74, which included a $250.00 deductible, plus interest and costs.

Plaintiff again appeals the earlier grant of summary judgment in favor of Oxendine. His sole assignment of error is that the trial court erred in granting summary judgment.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999). The record is reviewed in the light most favorable to the non-movant, and all inferences will be drawn against the movant. *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975).

In general, summary judgment is not appropriate where issues of negligence are involved. *Sink v. Andrews*, 81 N.C. App. 594, 596, 344 S.E.2d 831, 832 (1986). "However, if the evidentiary forecasts establish either a lack of any conduct on the part of the movant which could constitute negligence, or the existence, as a matter of law, of a complete defense to the claim, summary judgment may be properly allowed." *Id.* Thus, summary judgment is proper in negligence actions where there can be no recovery even if the facts as claimed by plaintiff are true. *Kiser v. Snyder*, 17 N.C. App. 445, 450, 194 S.E.2d 638, 641, *cert. denied*, 283 N.C. 257, 195 S.E.2d 689 (1973).

As a general rule, a landowner is not liable for injury caused by the acts of a licensee, unless such acts constitute a nuisance which the owner knowingly suffers to remain. *Benton v. Montague*, 253 N.C. 695, 702, 117 S.E.2d 771, 776 (1961). The rule derives from the following doctrine:

> In case of work done by a licensee, the work is done on the licensee's own account, as his own business, and the profit of it is his. It is not a case, therefore, where the thing which caused the accident is a thing contracted for by the owner of the land, and for which he may be liable for that reason.

*Id.* (*citing Brooks v. Mills Co.*, 182 N.C. 719, 722, 110 S.E. 96, 97 (1921) (*quoting Rockport v. Granite Co.*, 58 N.E. 1017, 1018 (Mass. 1901)). *Benton* further provides a two-prong test for imposing liability on an occupier of land for negligence in failing to control the activities of a third person on his land:

> It is not enough here, of course, to show that the third person's conduct foreseeably and unreasonably jeopardized plaintiff. Plaintiff must also show that the occupier (a) had knowledge or

reason to anticipate that the third person would engage in such conduct upon the occupier's land, and (b) thereafter had a reasonable opportunity to prevent or control such conduct.

*Benton*, 253 N.C. at 703, 117 S.E.2d at 777 (*quoting* 2 Harper and James, *The Law of Torts* § 27.19, at 1526 (2d ed. 1956)). Although our Supreme Court abolished the tri-partite distinction between invitees, licensees, and trespassers in premises liability cases, the term "licensee," as used in *Benton*, remains relevant here. *See Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998). A licensee is defined as "one who enters onto another's premises with the possessor's permission, express or implied, solely for his own purposes rather than the possessor's benefit." *Id.* at 617, 507 S.E.2d 883 (*quoting Mazzacco v. Purcell*, 303 N.C. 493, 497, 279 S.E.2d 583, 586-87 (1981)).

Oxendine permitted Locklear to have free and reasonable use of the property, including the use of the drums to burn trash. Locklear's conduct then caused plaintiff's subrogee to suffer damages. Therefore, the law of landowner liability as set forth in *Benton* applies. *See Sexton v. Crescent Land & Timber Corp.*, 108 N.C. App. 568, 571, 424 S.E.2d 176, 177 (applying the law set forth in *Benton* in a wrongful death action against a property owner where a person on neighboring property died from injuries inflicted by a gunshot fired during target practice on defendant's property), *disc. review denied*, 333 N.C. 464, 427 S.E.2d 624 (1993).

In the present case, as in *Benton*, it is permissible to infer that the conduct of the third party, Locklear, was a proximate cause of plaintiff's injury. In fact, the trial court entered summary judgment against Locklear on the issue of negligence. Among its findings, the trial court determined that, "Defendant Locklear did not maintain a proper lookout in connection with his burning activity, and failed to ensure that the trash fire was extinguished before he left the scene," and, "Locklear was the proximate and legal cause of damages suffered by [plaintiff]."

However, at the time of the injury, Locklear's conduct had not been sufficiently continuous and of such duration to amount to a nuisance. *See Benton*, 253 N.C. at 703, 117 S.E.2d at 777. Furthermore, even "if the existence of a nuisance is assumed, the evidence is insufficient to fix defendant with knowledge and to show that defendant knowingly suffered it to continue." *Id.* at 703-04, 117 S.E.2d at 777. There was no evidence, or even forecast of evidence, of any earlier negligent use of the drums by Locklear which would have alerted

Oxendine. Locklear stated in his deposition that he burned trash on Oxendine's property a couple of times a month and always made sure the bag was completely inside the drum. On 21 January 1995, he burned the bag in a drum, watched the fire until there was only smoke, and then did other outdoor chores. Oxendine was asleep in the morning and at work during the afternoon when Locklear failed to keep a proper lookout.

There is no evidence of burning activities by Locklear of such duration or in such a manner as to amount to a nuisance. There is no evidence that Oxendine, with knowledge of such conduct, permitted it to continue.

Accordingly, we reject plaintiff's assignment of error and affirm the order of the trial court.

AFFIRMED.

JUDGES WYNN and WALKER concur.