JEFFREY LANE EFIRD, as Administrator of the Estate of DYLAN LANE EFIRD, (Deceased), Plaintiff v. CHARLIE HUBBARD, JR. and DEIRDRE BULLOCK NEELY, Defendants

No. COA01-662

(Filed 16 July 2002)

**Motor Vehicles— negligence—.068 alcohol level—no evidence of causation**

The trial court correctly granted summary judgment for defendant in an action arising from an automobile collision at an intersection where the driver of the car in which plaintiff's decedent was driving ran a stop sign and defendant's blood alcohol level was 0.068. Plaintiff did not forecast any evidence of a causal relationship between defendant's blood alcohol level and the accident.

Appeal by plaintiff from judgment entered 1 March 2001 by Judge Catherine C. Eagles in Stanly County Superior Court. Heard in the Court of Appeals 13 March 2002.

*Charles G. Monnett & Associates, by Charles G. Monnett III, for plaintiff-appellant.*

*Robinson & Elliott Law Firm, by Kevin D. Elliott, for defendant-appellees.*

TIMMONS-GOODSON, Judge.

Jeffrey Lane Efird ("plaintiff"), administrator of the estate of Dylan Efird, appeals from an order granting summary judgment in favor of Charlie Hubbard, Jr. ("defendant").

On 14 January 1999, Deirdre Bullock Neely ("Neely") was traveling in an easternly direction on Rocky River Road (R.P. 1520) located near Monroe, North Carolina. Accompanying Neely in her vehicle were Neely's minor child, Jamie Neely, Dylan Lane Efird ("Dylan") and Dylan's mother, Esther Davis. At the same time Neely was traveling east, defendant was traveling south on Rocky River Road (R.P. 1514). At the intersection of R.P. 1520 and R.P. 1514 was a stop sign which required all traffic turning onto or crossing R.P. 1520 to yield the right of way to traffic traveling on R.P. 1514. The speed limit for R.P. 1520 and for Neely's direction of travel was forty-five miles per hour (45 m.p.h.), while the speed limit for R.P. 1514

and defendant's direction of travel was fifty-five miles per hour (55 m.p.h.).

Upon traveling on R.P. 1520 at approximately thirty-five miles per hour (35 m.p.h.), Neely entered the intersection without stopping at the stop sign or yielding to oncoming traffic. As a result, the vehicles operated by Neely and defendant collided at the intersection of R.P. 1520 and R.P. 1514. On 20 January 1999, Dylan and Jamie Neely died from the injuries sustained as a result of the collision.

State Trooper J.B. Moser ("Trooper Moser") of the North Carolina State Highway Patrol investigated the collision. The investigation revealed that defendant was traveling at a speed of fifty miles per hour (50 m.p.h.). During the course of the investigation, Trooper Moser detected an odor of alcohol on defendant and noticed that defendant's eyes were "bloodshot." Trooper Moser obtained defendant's consent to take a blood sample for testing by the State Bureau of Investigation. Laboratory tests later revealed defendant's blood alcohol concentration to be 0.068 grams of alcohol at the time of the collision, less than the legal standard of 0.08 for driving while impaired as provided in N.C. Gen. Stat. § 20-138.1.

At deposition, defendant presented the testimony of Brian Anders ("Anders"), an engineer with Engineer Design and Testing. Anders gathered information concerning the accident coupled with the information given to him by Trooper Moser. Based on measurements and the weight of the vehicle, along with his analysis of the average perception reaction time in which to avoid impact, Anders determined that there was insufficient time for defendant to have avoided the accident with Neely once she proceeded through the intersection without stopping.

On 27 December 2000, defendant filed a motion for summary judgment. On 1 March 2001, the trial court entered an order granting defendant's motion for summary judgment. Plaintiff appeals.

In his first assignment of error, plaintiff contends that the trial court erred by granting defendant's motion for summary judgment. We disagree.

Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that any party is entitled to judgment as a matter of law. N.C. Gen.

**EFIRD v. HUBBARD**

[151 N.C. App. 577 (2002)]

Stat. § 1A-1, Rule 56 (c) (2001). The moving party has the burden of "positively and clearly showing that there is no genuine issue as to any material fact and that he or she is entitled to judgment as a matter of law." *James v. Clark*, 118 N.C. App. 178, 180, 454 S.E.2d 826, 828, *disc. review denied*, 340 N.C. 359, 458 S.E.2d 187 (1995). The record is viewed in the light most favorable to the non-movant, and all inferences will be drawn against the non-movant. *Bruce Terminex Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998).

In general, summary judgment is not appropriate where issues of negligence are involved. *Sink v. Andrews*, 81 N.C. App. 594, 596, 344 S.E.2d 831, 832 (1986). " 'It is only in exceptional negligence cases that summary judgment is appropriate, since the standard of reasonable care should ordinarily be applied by the jury under appropriate instructions from the court.' " *Thompson v. Bradley*, 142 N.C. App. 636, 641, 544 S.E.2d 258, 261 (quoting *Ragland v. Moore*, 299 N.C. 360, 363, 261 S.E.2d 666, 668 (1980)), *disc. review denied*, 353 N.C. 532, 550 S.E.2d 506 (2001). "However, if the evidentiary forecasts establish either a lack of any conduct on the part of the movant which would constitute negligence, or the existence, as a matter of law, of a complete defense to the claim, summary judgment may be properly allowed." *Sink*, 81 N.C. App. at 596, 344 S.E.2d at 832.

The complaint in the instant case alleged that defendant's negligent driving caused the collision that claimed Dylan's life. "Negligence is the failure to exercise proper care in the performance of a legal duty owed by a defendant to a plaintiff under the circumstances." *Cassell v. Collins*, 344 N.C. 160, 163, 472 S.E.2d 770, 772 (1996). In order to state a claim for negligence, the party asserting negligence must show that defendant owed a duty to plaintiff, breached that duty, and that such breach was an actual and proximate cause of plaintiff's injuries. *See Pulley v. Rex Hospital*, 326 N.C. 701, 705, 392 S.E.2d 380, 383 (1990). "Proximate cause is a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred." *Hairston v. Alexander Tank & Equip. Co.*, 310 N.C. 227, 233, 311 S.E.2d 559, 565 (1984). "It is not enough to establish liability if all that can be shown is that the actor was negligent. There must be a showing or determination of proximate cause." *King v. Allred*, 309 N.C. 113, 117, 305 S.E.2d 554, 557 (1983), *disc. review denied*, 315 N.C. 184, 337 S.E.2d 857 (1985).

"Unquestionably[,] a motorist is guilty of negligence if he operates a motor vehicle on the highway while under the influence of intoxicating liquor." *Atkins v. Moye*, 277 N.C. 179, 186, 176 S.E.2d 789, 794 (1970).

> Such conduct, however, will not constitute either actionable negligence or contributory negligence unless—like any other negligence—it is causally related to the accident. Mere proof that a motorist involved in a collision was under the influence of an intoxicant at the time does not establish a causal connection between his condition and the collision. His condition must have caused him to violate a rule of the road and to operate his vehicle in a manner which was the proximate cause of the collision.

*Id.*

In the instant case, although plaintiff presented proof that defendant had a blood alcohol content of 0.068 at the time of the accident, plaintiff failed to present any evidence that would establish a causal relationship between defendant's blood alcohol content and the accident. *See King*, 309 N.C. at 118, 305 S.E.2d at 558 (holding that although the defendant's affidavit clearly indicated that she was under the influence of intoxicants at the time of the accident, it did not settle "nor determine as a matter of law, the causal relationship between her negligence and the accident"). Indeed, the plaintiff produced no evidence showing that defendant's blood alcohol content caused him to violate a rule of the road and to operate his vehicle in a manner which was the proximate cause of the collision. Instead, the evidence only established that Neely, while operating her vehicle, proceeded through the stop sign without yielding to oncoming traffic and thus collided with defendant's vehicle. We therefore hold that, although the plaintiff produced evidence that defendant had a blood alcohol content of 0.068 at the time of the accident, plaintiff failed to forecast any evidence that defendant's blood alcohol content proximately caused the accident in question.

Accordingly, the trial court's order granting summary judgment in favor of defendant is

Affirmed.

Judges WYNN and TYSON concur.