CHERYL ANN TATUM, Plaintiff,
v.
THE SKIN SURGERY CENTER P.A., Defendant.
No. COA08-1243
Court of Appeals of North Carolina
Filed April 7, 2009
This case not for publication
Morrow Alexander, Porter and Whitley PLLC, by John Carol Vermitsky, for plaintiff-appellant.
Kilpatrick Stockton LLP, by Steven D. Moore and Jessica R. Harris Telligman, for defendant-appellee.
BRYANT, Judge.
Plaintiff Cheryl Tatum appeals from an order entered 9 July 2008 in Forsyth County Superior Court which granted The Skin Surgery Center's motion for summary judgment and dismissed plaintiff's claim. For the reasons stated herein, we affirm the order of the trial court.
Tatum was employed to clean properties managed by Lowe Property Management which was owned by Kirby Lowe. Tatum testified that she began working for Lowe Property Management in March 2003 and began cleaning The Skin Surgery Center at that time. On her first day, Tatum was instructed on how to clean the facilities, and then five nights a week over the course of three-to-four hours, Tatum cleaned several offices, a kitchen, and two nurse's stations. While she cleaned, Tatum interacted with a number of The Skin Surgery Center staff: "[Director] Dianne Combs was there almost every night. Dr. Leshin, Dr. Albertini, Dr. Farley, [and] a lot of nurses."
At her deposition, Tatum gave the following testimony regarding the incident which occurred on 7 December 2006 and that formed the basis for her complaint.
Tatum: I was taking out the last of the trash and there were _ there were lots of bags of trash. . . . On that particular night the dumpster was getting  it was time for it to be emptied so it was pretty full. . . . And the trash was piling up so high I would have to push it to make it go in. And as I was pushing one of the bags in, I was stuck, this finger (indicating), with a needle that was in a bag of trash that I was not aware of.
Because when I  when I would gather the trash they would be in smaller trash bags. I would get them out of the containers that were in the surgery rooms and just put them in that big _ bigger dumpster. And I did have  I always had gloves on. And I  I felt it but it was dark. I couldn't look to see. I mean, it was painful. So I finished getting the trash in, went inside. And when I got inside where I could see, I was bleeding through the glove. So I took the glove off. I could see that I had been stuck.
And Dr. Farley was there that evening, but she had her door closed because she was doing dictation. And so I just washed it off. All I had left to do was vacuum. I did that the last thing every night. SoI vacuumed and  and left. And then I called Kirby the next morning.
Tatum testified that she had never seen a needle in a trash can in the Surgery Center; however, she did, on occasion, find needles on the floor, and on one occasion, a needle stuck into the sole of her shoe.
The morning after Tatum pricked her finger, she informed Lowe of the incident. Soon after speaking with Lowe, Tatum received a call from Dianne Combs who told her that she needed to go to an urgent care center immediately to have blood drawn. The Skin Surgery Center would try to find the needle and from which room it came.
Tatum testified that she went to PrimeCare on 8 December 2006. There she received the first of three shots to counteract hepatitis, as well as oral medication, and literature on blood-borne pathogens. Tatum took the oral medication for two months and routinely followed up with blood work. She went back to clean The Skin Surgery Center only once, then resigned from Lowe Property Management.
On 28 June 2007, Tatum filed a complaint and demand for a jury trial against The Skin Surgery Center P.A. and Barry Leshin M.D. in Forsyth County Superior Court in which she alleged negligence, premises liability, and punitive damages. All claims against Dr. Barry Leshin, M.D. were later voluntarily dismissed with prejudice.
On 20 June 2008, defendant filed a Rule 56 motion for summary judgment, and on 9 July 2008, the trial court granted summary judgment ordering that Tatum's claims against defendant be dismissed. Tatum appeals.
On appeal, Tatum raises the following two arguments: the trial court erred in granting defendant's motion for summary judgment where a genuine issue of material fact existed as to (I) whether Tatum was stuck by a needle and (II) whether defendant improperly disposed of medical waste.

Standard of Review
[Summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.
N.C. R. Civ. P. 56(c) (2007). "We review a trial court's order for summary judgment de novo to determine whether there is a genuine issue of material fact and whether either party is entitled to judgment as a matter of law." Robins v. Town of Hillsborough, 361 N.C. 193, 196, 639 S.E.2d 421, 423 (2007) (citation and internal quotations omitted). "Evidence presented by the parties is viewed in the light most favorable to the non-movant." Summey v. Barker, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003) (citation omitted).

I
Tatum first argues that the trial court erred in granting defendant's motion for summary judgment where there remained a genuine issue of material fact as to whether Tatum was stuck by a syringe placed in an improper waste container. We disagree. Although determining what constitutes a genuine issue of material fact is often difficult, [our Supreme Court] has stated that an issue is genuine if it is supported by substantial evidence, and an issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]
DeWitt v. Eveready Battery Co., 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (internal citations and quotations omitted). "[A] [p]laintiff is required to offer legal evidence tending to establish beyond mere speculation or conjecture every essential element of negligence, and upon failure to do so, nonsuit is proper." Farrelly v. Hamilton Square, 119 N.C. App. 541, 545, 459 S.E.2d 23, 26 (1995) (citation omitted).
Here, Tatum testified that on 7 December 2006, while cleaning defendant's facilities, she loaded several bags of trash into a dumpster "[a]nd as I was pushing one of the bags in, I was stuck . . . with a needle . . . ."
Counsel: Did you try to get the trash bag that you thought the needle was in out at that time?
Tatum: No.
Counsel: Did you ever try to get the trash bag out of the garbage dumpster that you thought the needle was in?
Tatum: No.
Counsel: Do you know if anyone looked for the trash bag that contained whatever stuck you that night?
Tatum: I don't know if they did.
Counsel: Did you see any needles in the trash cans that you were picking up that night?
Tatum: No.
Counsel: Did you ever see a needle in any trash can when you were cleaning the Surgery Center?
Tatum: No.
Therefore, Tatum puts forth no direct evidence that she was stuck by a needle as opposed to some other sharp object. Thus, we cannot say there exists substantial evidence that a reasonable mind might accept as adequate to support the conclusion that Tatum was stuck with an improperly disposed needle. Accordingly, this assignment of error is overruled.

II
Next, Tatum argues that the trial court erred in granting summary judgment where there remained a genuine issue of material fact as to whether defendant regularly disposed of medical waste in an improper manner thus creating an unsafe working condition which caused Tatum to suffer serious physical and mental harm. We disagree.
Negligence is the failure to exercise proper care in the performance of a legal duty owed by a defendant to a plaintiff under the circumstances. In order to state a claim for negligence, the party asserting negligence must show that defendant owed a duty to plaintiff, breached that duty, and that such breach was an actual and proximate cause of plaintiff's injuries Efird v. Hubbard, 151 N.C. App. 577, 579, 565 S.E.2d 713, 715 (2002) (internal citations and quotations omitted). Conduct not causally related to the plaintiff's injuries will not constitute actionable negligence. Id. at 580, 565 S.E.2d at 716.
Here, a review of the record fails to yield any evidence that Tatum sustained an injury causally connected to defendant's alleged conduct. Therefore, we hold Tatum has failed to establish that there remained a genuine issue of material fact as to whether defendant regularly disposed of medical waste in an improper manner thereby causing Tatum to suffer serious physical and mental harm. Accordingly, this assignment of error is dismissed.
Affirmed.
Judges, ELMORE and STEELMAN concur.
Report per rule 30(e).