LAUREL PARK VILLAS HOMEOWNERS ASSOCIATION, INC. v. MICHAEL HODGES

No. 8629DC112

(Filed 15 July 1986)

Deeds § 20.6— restrictive covenants—standing to enforce

 Plaintiff homeowners' association lacked standing under N.C.G.S. § 47A-10 to bring an action in its own name to enforce unrecorded restrictions against a unit owner where plaintiff did not allege that it owned any land; did not argue that the rule of strict construction in *Beech Mountain Property Owners' Assoc. v. Current,* 35 N.C. App. 135, did not apply; never alleged that the action was maintained by its board of directors or manager; and no aggrieved unit owners were involved. Although there was a provision in the Articles of Incorporation that purported to give the corporation the power to bring such an action, there was nothing in the articles or the bylaws authorizing persons other than the board, its officers, or the membership to act on behalf of the corporation, there was nothing in the record suggesting that any

of those groups authorized this action, and the bylaws provided that they were established in accordance with N.C.G.S. Chapt. 47A and that in case of conflict the statute should control.

APPEAL by plaintiff from *Gash, Judge.* Order entered 25 June 1985 in District Court, HENDERSON County. Heard in the Court of Appeals 11 June 1986.

Plaintiff is an incorporated condominium homeowners association. As authorized by its recorded bylaws, plaintiff established various restrictions on activity at the condominiums, although it is not apparent that these restrictions were recorded. Defendant purchased a condominium. Complaint was made against him for violating the restrictions by having his minor child living with him on the premises, by parking his pickup in the common parking lot and by playing his stereo too loud. Plaintiff corporation then brought this suit, seeking to enjoin further violations or to force defendant to vacate. Several unit owners intervened in support of plaintiff, but later took a voluntary dismissal with prejudice. The court dismissed the action for lack of standing, and plaintiff appeals.

*Ramsey, Hill, Smart, Ramsey & Pratt, by Michael K. Pratt, for plaintiff-appellant.*

*No brief for defendant-appellee.*

EAGLES, Judge.

The trial court dismissed the action for lack of standing under G.S. 47A-10:

> Each unit owner shall comply strictly with the bylaws and with the administrative rules and regulations adopted pursuant thereto, as either of the same may be lawfully amended from time to time, and with the covenants, conditions and restrictions set forth in the declaration or in the deed to his unit. Failure to comply with any of the same shall be grounds for an action to recover sums due, for damages or injunctive relief, or both, *maintainable by the manager or board of directors on behalf of the association of unit owners or, in a proper case, by an aggrieved unit owner.* (Emphasis added.)

Plaintiff argues that the emphasized language broadens, rather than restricts, the parties who may sue to enforce the restrictions.

In *Beech Mountain Property Owners' Assoc. v. Current*, 35 N.C. App. 135, 240 S.E. 2d 503 (1978), we considered a similar situation. There an incorporated property owners' association sought to enforce certain provisions which the common Declaration of Restrictions gave owners the right to enforce. We held that the provisions did not expressly give the corporate plaintiff the right to sue as an agent of the owners, from whom it must be regarded as separate. The corporate plaintiff owned no land in its own right. We applied a rule of strict construction to the restrictive covenants themselves and to the determination of standing, holding that the corporate entity lacked standing to enforce the provisions.

Plaintiff did not allege that it owned any land. It has not argued that the *Beech Mountain* rule of strict construction does not apply. It has never alleged that the action is maintained by its board of directors or manager; no aggrieved unit owners are involved. Applying the terms of the statute strictly, we must conclude that the court did not err in dismissing the action.

We reject plaintiff's contention that G.S. 47A-10 is a broadening statute. A statute will be construed to give effect to all of its parts, and we will avoid constructions which effectively render portions of it meaningless. *State v. Jones*, 67 N.C. App. 377, 313 S.E. 2d 808 (1984). Where the legislature has specifically designated certain statutory procedures, it has by implication excluded other procedures. *See Campbell v. Church*, 298 N.C. 476, 259 S.E. 2d 558 (1979) (applying the doctrine of *expressio unius est exclusio alterius*). To hold, as plaintiff argues, that the statutory designation of parties who may maintain an action is merely illustrative, would make the statutory designation meaningless and contrary to both its implication and the rule of strict construction. This is especially so since the corporation here exists by virtue of statute and operates under the statutory scheme established by G.S. Chapter 47A; no common law rights are at stake.

Plaintiff argues that the corporate bylaws expressly give it the power to bring this action. We agree that there is a provision in plaintiff's Articles of Incorporation that purports to give the

corporation that power. However, a provision of the bylaws indicates that all powers of the corporation shall be exercised by the board of directors, and allows the board to designate officers. There is nothing in the articles or the bylaws authorizing persons other than the board, its officers, or the membership to act on behalf of the corporation, and nothing in the record suggesting that any of these authorized this action. In any event, the bylaws also provide that they are established in accordance with G.S. Chapter 47A, and that in case of conflict the statute shall control. Since the statute specifically designates who may sue to enforce the restrictions, it controls. We therefore hold that the court correctly determined that plaintiff lacked standing to prosecute this action.

While the parties did not reach this question, we note that unrecorded restrictions enacted by homeowners' associations appear to be unenforceable under G.S. Chapter 47A. Throughout the Chapter, the legislature has insisted on due recordation as the proper means of creating a condominium with enforceable mutual covenants. G.S. 47A-13; G.S. 47A-15; G.S. 47A-16; G.S. 47A-18. G.S. 47A-28 makes unit owners subject to the statutory provisions and to the declaration and bylaws, which must be recorded. In particular, G.S. 47A-18 requires that bylaws must be recorded. The *bylaws* must contain any restrictions, not contained in the declaration, respecting use and maintenance to prevent unreasonable interference with the unit owners' property. G.S. 47A-19(7). Unrecorded regulations of the homeowners' association, especially restrictions as intrusive as those barring minor children and pickup trucks, would appear to lie outside the enforceable scope of the statute.

However, since we have determined that plaintiff corporation lacked standing to sue in its own name to enforce these restrictions, we need not decide this and other questions on the merits. Since the relief sought is injunctive in nature, aggrieved members of plaintiff could undoubtedly have brought an action in their own names in accordance with G.S. 47A-10. As it stands, however, the present appeal is without merit and the dismissal must be

Affirmed.

Judge ARNOLD concurs.

Judge PARKER concurs in the result.