IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-550

No. COA21-618

Filed 16 August 2022

Gaston County, No. 20-CVS-3924

GASTON COUNTY BOARD OF EDUCATION, Plaintiff,

v.

SHELCO, LLC, S&ME, INC., BOOMERANG DESIGN, P.A. (F/K/A MBAJ ARCHITECTURE, INC.), AND CAMPCO ENGINEERING, INC., Defendants / Crossclaim and Third-Party Plaintiff,


v.

HOOPAUGH GRADING COMPANY, LLC; HART WALL AND PAVER SYSTEMS, INC.; WORLDWIDE ENGINEERING, INC.; AND LINCOLN HARRIS, LLC, Third-Party Defendants.


Appeal by Plaintiff and appeal by two of the Defendants, both from an order

entered 13 May 2021 by Judge Athena F. Brooks in Gaston County Superior Court.

Heard in the Court of Appeals 24 May 2022.


*Tharrington Smith, L.L.P., by Patricia Ryan Robinson, Rod Malone and Colin A. Shive for the Plaintiff-Appellant.*

*Hedrick Gardner Kincheloe & Garofalo LLP, by Gerald A. Stein, II, Tyler A. Stull and M. Duane Jones for Defendant-Appellant (Shelco).*

*Parker Poe Adams & Bernstein LLP, by Collier R. Marsh and Daniel K. Knight, for Defendant-Appellant (Boomerang).*

*Ragsdale Liggett PLLC, by Sandra Mitterling Schilder and Amie C. Sivon, for Defendant-Appellee (S&ME).*

*Rosenwood, Rose & Litwak, PLLC by Nancy S. Litwak and Carl J. Burchette for Defendant-Appellee (Campco).*

DILLON, Judge.

¶ 1     The four Defendants each moved to dismiss Plaintiff's claims based on the applicable statute of repose. The trial court granted the motions to dismiss filed by two of the Defendants. Plaintiff appeals from those portions of the order.

¶ 2     The trial court, however, denied the motions to dismiss filed by the other two Defendants. These two Defendants appeal from those portions of the order.

¶ 3     In its order, the trial court also allowed in part and denied in part Plaintiff's motion to amend its complaint to allege the existence of an agreement to toll the statute of repose for 18 months.

## I. Background

¶ 4     Plaintiff, a county board of education, filed this action against four companies who worked on the development of a public high school. This appeal concerns primarily the motions to dismiss filed by Defendants pursuant to Rule 12(b)(6) of our Rules of Civil Procedure. Accordingly, for our review, we must accept the allegations pleaded in Plaintiff's complaint as true. *See Arnesen v. Rivers Edge*, 368 N.C. 440, 441, 781 S.E.2d 1, 3 (2015). Our review is therefore confined to the allegations in the complaint, which include the following:

¶ 5        Sometime prior to 2009, Plaintiff announced plans to develop a new public high school ("the Project"). To that end, Plaintiff entered separate contracts with three of the Defendants: Shelco, LLC, ("Contractor"); S&ME, Inc. ("Engineer"); and Boomerang Designs, P.A., ("Architect"). Architect entered a contract with the fourth Defendant, Campco Engineering, Inc., ("Subcontractor").

¶ 6        The Project included, in part, the construction of reinforced soil slopes and retaining walls (collectively the "Retaining Walls") around the proposed high school's athletic complex. Around 2011, construction of the Retaining Walls was completed. In 2012, Plaintiff became aware that portions of the Retaining Walls had cracked.

¶ 7        On 15 May 2013, Plaintiff, Contractor, and Architect "signed a certificate of substantial completion" for the *entire Project*. By signing the certificate, Contractor and Architect represented that the Project (including the Retaining Walls) was essentially completed. Engineer and Subcontractor did not sign the certificate.

¶ 8        In the fall of 2018, Plaintiff, along with Contractor, Engineer, Architect and Subcontractor (along with some third-party defendants) executed a tolling agreement (the "Tolling Agreement") at Plaintiff's request with a stated effective date of 1 March 2019 until 15 September 2020.

¶ 9        Then in November 2020, Plaintiff filed suit against all four Defendants, alleging that the Retaining Walls were defective. Defendants answered and moved to dismiss pursuant to Rule 12(b)(6), based in part on the six-year statute of repose.

Plaintiff then moved to amend its complaint to allege that all parties had entered the Tolling Agreement, effective 1 March 2019 to 15 September 2020.

¶ 10        After a hearing on all motions, the trial court entered its order (1) allowing Subcontractor's and Engineer's respective Rule 12(b)(6) motions to dismiss based on the statute of repose (and dismissing Plaintiff's motion to amend as to its claims against Subcontractor and Engineer, as moot); and (2) denying Contractor's and Architect's respective Rule 12(b)(6) motions to dismiss based on the statute of repose (allowing Plaintiff's motion to amend its complaint as to its claims against Contractor and Architect).  The trial court reasoned that the May 2013 certificate executed by Plaintiff, Contractor, and Architect, paired with the Tolling Agreement, placed Plaintiff's claims against Contractor and Architect within the 6-year statute of repose.  However, since Engineer and Subcontractor did not sign the 2013 certificate, the Tolling Agreement would not place Plaintiff's claims against them within the statute of repose.

¶ 11        Plaintiff appealed the Rule 12(b)(6) dismissals and denial of its motion to amend its complaint regarding its claims against Engineer and Subcontractor. Contractor and Architect appealed the denial of Rule 12(b)(6) motions on Plaintiff's claims against them.

## II.    Appellate Jurisdiction

¶ 12        This appeal is from an interlocutory order, as that order did not entirely

dispose of the case. *Stanford v. Paris*, 364 N.C. 306, 311, 698 S.E.2d 37, 40 (2010). Appeals from interlocutory orders are only allowed in limited circumstances. *Id.* at 311, 698 S.E.2d at 40. Rule 54(b) of our Rules of Civil Procedure allows an immediate appeal from an interlocutory order from any part of an order which constitutes a "final judgment as to one or more but fewer that all the claims or parties[,]" so long as the trial court in its judgment determines "there is no just reason for delay" in taking the appeal. N.C. Gen. Stat. § 1A-1, Rule 54(b).

¶ 13    Here, the trial court's order constitutes a final judgment with respect to Subcontractor and Engineer, as the order dismisses all claims against these Defendants with prejudice. Additionally, the trial court certified its order dismissing these claims for immediate review under Rule 54(b), determining "there was no just reason for delay." Accordingly, we have jurisdiction to consider Plaintiff's appeal of the portion of the trial court's order allowing Subcontractor's and Engineer's respective motions to dismiss and mooting its motion to amend with respect to these Defendants.

¶ 14    However, there has been no final judgment with respect to Plaintiff's claims against Contractor and Architect. Rule 54(b), therefore, does not provide an avenue for immediate review of the portion of the trial court's order denying these Defendants' respective motions to dismiss. Further, we have held that an adverse determination regarding a defendant's statute of repose defense does not affect a

substantial right. *Lee v. Baxter*, 147 N.C. App. 517, 520, 556 S.E.2d 36, 38 (2001). Accordingly, we dismiss these Defendants' appeals.

### III. Analysis

¶ 15    We now address the merits of Plaintiff's appeal concerning the trial court's dismissal of its claims against Subcontractor and Engineer. We review Rule 12(b)(6) dismissals *de novo*. *Arnesen*. 368 N.C. at 448, 781 S.E.2d at 8.

¶ 16    In its ruling, the trial court relied on the six-year statute of repose found in N.C. Gen. Stat. § 1-50(a)(5)(a) (2017) in deciding to grant dismissal as to Defendants Engineer and Subcontractor. This statute of repose provides that "[n]o action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from *the later of*

> [1] the specific last act or omission of the defendant giving rise to the cause of action or
>
> [2] substantial completion of the improvement . . . or specified area or portion thereof (in accordance with the contract[.]"

*Id.* (emphasis added).

¶ 17    It is Plaintiff who "has the burden of *proving* that a statute of repose does not defeat the claim." *Head v. Gould Killian*, 371 N.C. 2, 11, 812 S.E.2d 831, 838 (2018) (emphasis added). Accordingly, Plaintiff would have the burden *at a Rule 56 summary judgment* hearing to provide evidence that (s)he filed her claim within the applicable statute of repose. *See Id.* at 12, 812 S.E.2d at 839.

¶ 18        However, as explained below, based on our jurisprudence, a plaintiff has no burden at the pleading stage to allege facts showing that its complaint was filed within the applicable statute of repose. That is, it is generally inappropriate to grant a defendant's Rule 12(b)(6) motion to dismiss a complaint merely because it failed to *allege* facts showing that it was filed within the applicable statute of repose. A Rule 12(b)(6) dismissal based on the statute of repose would only be appropriate if the complaint otherwise alleges facts *conclusively* showing that it was not filed within the applicable statute of repose. And, here, since Plaintiff did not allege both the dates when any Defendant performed its last "specific last act" and the "substantial completion of the improvement," dismissal here was inappropriate.

¶ 19        In 1994, our Supreme Court reiterated its long-standing rule that "[a] statute of limitations or repose defense may be raised by way of a motion to dismiss if it appears on the face of the complaint that such a statute bars the claim." *Hargett v. Holland*, 337 N.C. 651, 653, 447 S.E.2d 784, 786 (1994) (citations omitted).

¶ 20        Three years later in 1997, our Supreme Court adopted an opinion in a dissent from our Court explaining that a Rule 12(b)(6) dismissal is inappropriate where based on a plaintiff's simple failure to plead facts showing that its complaint was filed within the statute of repose. Specifically, the Supreme Court reversed the opinion from our Court "[f]or the *reasons* stated in the dissenting opinion by Judge Greene[.]" *Richland Run v. CHC Durham*, 346 N.C. 170, 484 S.E.2d 527 (1997) (emphasis

added).

¶ 21       In *Richland*, the trial court granted a defendant's Rule 12(b)(6) motion but considered other evidence concerning some of the defendant's arguments. The trial court made two holdings. First, the trial court held that *the complaint itself* failed to allege facts showing it had been filed within the statute of repose. Second, the trial court, *considering evidence outside the complaint*, determined that the complaint should be dismissed on an alternate basis unrelated to the statute of repose. Our Court affirmed both holdings. Judge Greene, however, dissented.

¶ 22       Judge Greene reasoned that the complaint should not have been dismissed "on the basis that the plaintiff failed to specifically plead compliance with the applicable statute of repose [being G.S. 1-50(a)(5)]." *Richland Run v. CHC Durham*, 123 N.C. App. 345, 352, 473 S.E.2d 649, 654 (1996) (J. Greene dissenting). Judge Greene explained that, while a plaintiff has the burden *to prove* compliance with the statute of repose, there is no requirement that a plaintiff *plead* facts in the complaint showing that its claim was filed within the statute of repose:

> Our courts have repeatedly held that the plaintiff has the burden of *proving* the condition precedent that its cause of action is brought within the applicable statute of repose. I do not read Rule 9(c) [regarding the pleading of conditions precedent] as requiring the *pleading* of conditions precedent.

*Id.*

¶ 23       ¶We note that, as our Supreme Court has explained, statutes of *limitations* and

statutes of *repose* are different: where statutes of limitations "are clearly procedural, affecting the remedy directly and not the right to recover[,] [t]he statute of repose . . . acts as a condition precedent to the action itself[.]" *Boudreau v. Baughman*, 322 N.C. 331, 340, 368 S.E.2d 849, 857 (1988). Indeed, Rule 8 of our Rules of Civil Procedure recognizes that a failure to file within the applicable statute of limitations is an affirmative defense which must be pleaded. Failing to file within the applicable statute of repose, however, is not listed as an affirmative defense in Rule 8 but rather is considered a "condition precedent" under Rule 9(c).[1]

¶ 24    In any event, Judge Greene further held that the trial court should not have dismissed the complaint based on the court's alternate reason which was unrelated to the statute of repose. *Richland*, 123 N.C. App. at 353, 473 S.E.2d at 654.

¶ 25    We conclude that *both* holdings by Judge Greene were necessary to support his dissent. Since dismissal would have been proper under either theory advanced by the defendants and relied upon by the trial court, Judge Greene had to disagree on *both* points to reach his conclusion that the trial court's order should be reversed. Therefore, our Supreme Court necessarily adopted *both* of Judge Greene's reasons in

---

[1] Judge Greene also noted that "even if Rule 9(c) is construed to require pleading a condition precedent, [I conclude that the complaint's] allegations sufficiently comply with Rule 9." *Id.* at 353, 473 S.E.2d at 654. This reason is clearly *dicta*, as he expressly determined that Rule 9(c) did not require pleading facts to show that the complaint was filed within the statute of repose.

reversing our Court's decision.[2]

¶ 26 Here, Plaintiff did not allege any date when substantial completion occurred. Therefore, a 12(b)(6) dismissal was inappropriate.

¶ 27 "Substantial completion" is defined as "that degree of completion of a project, improvement *or specified area or portion thereof (in accordance with the contract . . . )* upon attainment of which the owner can use the same for the purpose for which it was intended. The date of substantial completion may be established by written agreement." N.C. Gen. Stat.§ 1-50(a)5.c. (emphasis added).

¶ 28 The question before us is whether Plaintiff alleged an act, along with the date the act was performed, which would constitute "substantial completion" as contemplated under Section 1-50(a)5.c. Defendants argue that the completion of the Retaining Walls, which Plaintiff alleged occurred in 2011, constituted the act of substantial completion. Defendants essentially argue that we need not look to when the entire improvement, e.g., the Project, was substantially completed. Rather, we are to look to when the "specified area or portion thereof," i.e., the Retaining Walls, were substantially completed.

¶ 29 Neither party cites a North Carolina case which provides a clear guide on how

---

[2] Even if *either* holding could have supported Judge Greene's resolution of the case, both holdings would still be binding. As our Supreme Court has recognized, "where a case actually presents two or more points, any one of which is sufficient to support [a] decision, but the reviewing Court decides all points, the decision becomes a precedent in respect to every point decided[.]" *Hayes v. Wilmington*, 243 N.C. 525, 537, 91 S.E.2d 673, 682 (1956).

to interpret the definition of "substantial completion" for a project that has several components. The plain language of the statute suggests that the date of substantial completion occurs with respect to a particular contractor when the part of the improvement the contractor was hired to provide services for has reached "a degree of completion" where "the owner can use the same for the purpose for which it was intended." *Id.* For instance, when an owner contracts with a company to build the foundation of a house, the statute of repose begins when the foundation is completed such that the owner can contract with someone else to build the frame, etc. The entire house need not be complete for the statute of repose to run against the contractor hired to build the foundation. Of course, if one contractor is hired to build the entire house, then the statute of repose to sue the contractor for laying a bad foundation would not start until the entire house was completed, as the contractor contracted to build the entire house. This interpretation was followed by the Supreme Court of South Carolina considering a statute – S.C. Code Ann. § 15-3-630 – which provides a definition of "substantial completion" identical to the definition found in Section 1-50(a)5.c. *See Lawrence v. General Panel*, 425 S.C. 398, 822 S.E.2d 800 (2019).

¶ 30        Turning to the complaint at issue, Plaintiff alleged that it entered a contract with Defendant Engineer "to provide geotechnical engineering service for the Project." There is no allegation that Engineer was hired just to perform services for the Retaining Wall only. Further, there is no allegation when the entire Project was

substantially completed. Finally, there is no allegation that the date was "established by written agreement" between Plaintiff and Engineer. N.C. Gen. Stat. § 1-50(a)5.c. That is, though Plaintiff alleges it had executed a "certificate of substantial agreement" with Contractor and Architect on 15 May 2013, there is no allegation that Engineer was a party to that "certificate," much less that by signing the certificate Plaintiff was agreeing that the project was substantially completed as of 15 May 2013. Accordingly, we hold that the trial court erred in granting Engineer's Rule 12(b)(6) motion to dismiss.

¶ 31 Regarding the claims against the Subcontractor, Plaintiff merely alleged that Subcontractor "was the civil engineering subcontractor to Architect[,]" without any allegation that Subcontractor was hired to work on the Retaining Wall alone. Additionally, Subcontractor was not a party to the certificate of substantial completion discussed in the preceding paragraph. Plaintiff entered into a contract with Architect "to provide architectural [and other] services for the 'Project.'" Accordingly, we hold that the trial court erred in granting Subcontractor's Rule 12(b)(6) motion, *based on the statute of repose*. [3]

¶ 32 Finally, we vacate the trial court's dismissal of Plaintiff's motion to amend its complaint against Engineer and Subcontractor. The trial court so ruled based on its

---

[3] Because Defendants failed to raise any other ground for dismissal, we express no opinion as to whether they would be entitled to dismissal on some other ground.

conclusion that the motion was moot, based on its erroneous grant of Engineer's and Subcontractor's respective motions to dismiss. On remand, the trial court should exercise its discretion on Plaintiff's motion. We note, though, even if Plaintiff's motion is denied, all parties are free to offer evidence concerning this agreement at a hearing on a motion for summary judgment.

### III. Conclusion

We reverse the trial court's grant of Engineer's and Subcontractor's respective motions to dismiss under Rule 12(b)(6) based on the statute of repose. We vacate the trial court's dismissal of Plaintiff's motion to amend with respect to Engineer and Subcontractor. We dismiss the appeals of Contractor and Architect for lack of appellate jurisdiction.

REVERSED IN PART, VACATED IN PART, DISMISSED IN PART & REMANDED.

Chief Judge STROUD and Judge GRIFFIN concur.